<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4342**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MARCUS DWAYNE PYLES,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Chief District Judge.  (1:09-cr-00190-JAB-4)

───────────

Submitted:  September 28, 2010       Decided:  October 15, 2010

───────────

Before GREGORY, AGEE, and DAVIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

George E. Crump, III, Rockingham, North Carolina, for Appellant.
Anand  P.  Ramaswamy,  Assistant  United  States  Attorney,
Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Dwayne Pyles appeals the 175-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to two counts of interference with commerce by threats or violence, in violation of 18 U.S.C. §§ 2, 1951 (2006) ("Counts One and Three"), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2000 & Supp. 2010) ("Count Two"). Counsel for Pyles filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether: (1) the district court erred in accepting Pyles' guilty plea; and (2) whether the court imposed an unreasonable sentence. Finding no reversible error, we affirm the conviction and the sentence. Pyles was informed of his right to file a supplemental brief but elected not to file a brief.

Counsel first questions whether Pyles' guilty plea was knowing and voluntary. Prior to accepting a defendant's guilty plea, Federal Rule of Criminal Procedure 11 requires the district court to address the defendant in open court and ensure he understands: the nature of the charge against him; any mandatory minimum sentence; the maximum possible sentence, including imprisonment, fine, and terms of supervised release; the mandatory special assessment; the applicability of the

2

Guidelines and their advisory nature; his right to an attorney at all stages of the proceedings; his right to plead not guilty; his right to a jury trial with the assistance of counsel; his right to confront and cross-examine witnesses; his right to testify on his own behalf as well as his right against self-incrimination; any waiver provision in the plea agreement; the court's authority to order restitution; any applicable forfeiture; and the government's right to use any of his statements under oath in a perjury prosecution. Fed. R. Crim. P. 11(b)(1). The district court must also inform the defendant that he may not withdraw his guilty plea once the court accepts it and imposes a sentence. Fed. R. Crim. P. 11(e). Additionally, the district court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Finally, the district court must ensure the defendant's plea was voluntary and did not come about as a result of force, threats, or promises. Fed. R. Crim. P. 11(b)(2).

Because Pyles did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error

3

affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

A review of the record reveals that the district court complied with the requirements of Rule 11. As counsel suggests, the contention that the district court failed to fully comply with Rule 11 when it did not inform Pyles of the elements of each offense is without merit. Rule 11 merely requires that the district court explain the nature of the charges to the defendant. Fed. R. Crim. P. 11(b)(1)(G). In doing so, the court "must take into account both the complexity of the charge and the sophistication of the defendant. . . . [T]he trial court is given a wide degree of discretion in deciding the best method to inform and ensure the defendant's understanding." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Here, the district court adequately ensured that Pyles

understood the charges to which he pled guilty.  Therefore, we hold that Pyles' guilty plea was knowing and voluntary.

Next, counsel challenges the reasonableness of Pyles' sentence.  We review a sentence imposed by a district court under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [2006] for a sentence different than the one ultimately imposed").  We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines."  Gall, 552 U.S. at 51.  If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances.  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts

5

presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decicisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We conclude that the district court's sentence was both procedurally and substantively reasonable. Pyles' sentence is at the low end of the applicable Guidelines range for Counts One and Three and below the mandatory minimum for Count Two. See U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table); 18 U.S.C § 924(c)(1)(A)(ii). The district court used the correct Guidelines range and understood that it was advisory. Furthermore, it is apparent from the court's discussion with counsel that it considered both parties' arguments and had a reasoned basis for its decision.

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We

therefore affirm the district court's judgment.  This court requires that counsel inform Pyles, in writing, of the right to petition the Supreme Court of the United States for further review.  If Pyles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Pyles.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED